CAUSIN (UNITED STATES v.). See Case No. 14,759.

CAVALIER, The (BLANCHARD v.). See Case No. 1,508.

## Case No. 2,528.

### In re CAVAN.

[19 N. B. R. 303.]

District Court, E. D. Michigan. Feb. 17, 1879.[2]

BANKRUPTCY—CONDITIONAL COMPOSITION—RE-CORDING.

1. Mere delay in obtaining the requisite number of signatures to a composition, unaccompanied by laches, will not justify a refusal to record the composition.

2. A resolution proposing a composition of seventy cents, to be paid within thirty days after recording the resolution, upon condition that all the property of the bankrupts be surrendered to them, and all pending suits discontinued, is not improper.

Upon objections to the recording of a resolution of composition of the creditors.

Don M. Dickinson, for objecting creditors. William H. Wells, for composition.

BROWN, District Judge. Three objections were interposed to the recording of the composition in this case.

First. That the proceedings have been unreasonably delayed. In evidence of this, it appears that the resolution was passed and adopted at a meeting of the creditors, on the 22d day of May, 1878; but that the signatures of the requisite number of creditors were not all obtained, nor the required notice given for the objecting creditors to come in and oppose a confirmation, until December. It further appears, however, that on the 9th day of March certain creditors of the bankrupts began suits against them, and caused writs of garnishment to be issued against certain insurance companies which were largely indebted to the bankrupts; that, subsequent to the filing of the petition in bankruptcy, which was in April, application was made on behalf of the bankrupts to the attorneys of these creditors, to discontinue such suits, in order that the expense and delay of appointing an assignee in bankruptcy, who could move for their dismissal, might be avoided; that some correspondence was had with these attorneys and with other persons, which was continued until about the 17th day of July, to which

date the meeting of the creditors for the election of an assignee had been from time to time adjourned, and upon which day an assignee was finally chosen, and on the 26th of July an assignment was made to him by the register; that shortly prior to this the judge of the court left the city. and did not return until late in September; that, within a few days after his return, application was made to the court for a dismissal of these suits, which was granted, and, from that time, proper diligence was used in collecting the amounts due the bankrupts' estate from the insurance companies, and in the prosecution of the composition proceeding. I do not think that mere delay, unaccompanied by laches, is any ground for refusing to record this composition. I think the delay in this case is excusable, and that I ought not to refuse to record the composition upon that ground.

Second. That the composition is conditioned upon contingencies beyond the control of the creditors, and which are unreasonable and unlawful. The resolution submitted to the creditors proposed a composition of seventy cents. to be paid within thirty days after the recording of the resolution, "upon the condition that all the property of the said bankrupts be surrendered to them, and all pending suits be discontinued." Postponement of payment for thirty days is obviously no objection. These resolutions frequently provide for payment in installments at different periods, and such provisos have been uniformly sustained. The condition that all the property of the bankrupts be surrendered to them is no more than the law would imply if the resolution had been silent upon this point. In re Reiman [Case No. 11,673]. In any event it is mere surplusage, and may be disregarded. In re Van Auken [Id. 16,828]. The learned judge held, in that case, that such a condition bound no one, neither the creditors nor the court, and that, upon the application of any creditor, a warrant of seizure might issue, notwithstanding the terms of the composition as to the retention by the debtors of their assets. The condition that all pending suits be discontinued was solely for the benefit of the bankrupts. If the tender of the seventy per cent. was made within the thirty days, the creditor would not be at liberty to refuse it because pending suits were not discontinued, as he would get no more than the seventy per cent. if they had been discontinued. It was a condition with which he had practically nothing to do. If the tender were not made within the thirty days, the composition would fall through, and cease to be operative. The bankrupts could not compel their creditors to receive the dividend, nor could the creditors compel the bankrupts to pay it. There would be no want of mutuality, since the composition would cease to exist at the expiration of thirty days. Until the expiration of the time limited by the resolution,

---

[1] [Reprinted by permission.]

[2] [Affirmed by the circuit court (case unreported).]

the composition is regarded as still pending. In re Hinsdale [Id. 6,526]. After the expiration of the thirty days. the proceedings become a nullity, and the assignee may proceed to settle the estate.

.Third. That a confirmation of the resolution by the signatures of the creditors was secured by the purchase of claims, and not by a free and full expression of the wishes of the creditors. The only evidence of that is contained in the affidavit of one Jones, the agent of one of the creditors, who says that, some time during 1878, he visited Houghton, and was there informed by Cavan that he had purchased the claims of other creditors against them, at a less price than their face, affiant believing that such claims were voted in favor of the composition contrary to law. In rebuttal of this, it appears that all claims against the estate were proved by the creditors in person, who made the usual oaths that they were the bona fide owners of the claims, and that no agreement had been made or entered into on their behalf to dispose of the claim, or to receive any consideration whereby their vote should be in any way affected, influenced, or controlled. It further appears that, on the 10th of December. 1878. the bankrupts appeared before a notary public at Houghton, and answered certain interrogatories propounded by the register, in which they declared that they had not paid, or offered to pay, or promised to pay any creditor any sum other than that specified in their proposed compromise, in order to induce the creditor to accept it; that they had never entrusted to any attorney, or other agent, any money or property for the purpose of being employed to induce any creditor to accept the composition; and that they had never authorized any attorney or agent to promise any money or property to induce any creditor to accept the composition. It seems to me this objection is not made out. I think the composition should be recorded. but that the bankrupts' estate should not be surrendered to them until the expiration of the thirty days.

On appeal to the circuit court (Judge Baxter) this decision was affirmed.

CAVAN v. The D. S. GREGORY. See Cases Nos. 4.099–4,103.

